COMMONWEALTH *vs.* DAVID R. RYLES.

Middlesex. April 2, 1973. — May 29, 1973.

Present: TAURO, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Examination of jurors, Fair trial. *Constitutional Law,* Due process of law.

Where a defendant, who was black, was convicted of armed robbery of and assault and battery by means of a dangerous weapon upon a white man, the Fourteenth Amendment of the Federal Constitution did not require the trial judge to question jurors on the subject of their possible racial prejudice in the absence of circumstances which reasonably presented the issue of racial prejudice [675–676]; and there being no special circumstances which brought the defendant within the rule of *Ham* v. *South Carolina,* 409 U. S. 524, the judge's failure to question the jurors regarding their possible racial prejudice did not result in a miscarriage of justice [676–677].

INDICTMENTS found and returned in the Superior Court on June 6, 1970.

The cases were tried before *Tomasello,* J.

*John F. Palmer* for the defendant.

*Terence M. Troyer,* Assistant District Attorney (*Barbara A. H. Smith,* Assistant District Attorney, with him) for the Commonwealth.

TAURO, C.J. The defendant, who was convicted in the Superior Court of armed robbery and assault and battery by means of a dangerous weapon, was sentenced to prison for two concurrent terms. He appeals under G. L. c. 278, §§ 33A–33G, from the trial judge's denial of his request that the prospective jurors should be asked

questions designed to discover possible racial prejudice.[1]

The defendant excepted to the judge's refusal to ask the veniremen if they were racially prejudiced but he failed to assign it as error.[2]  In view of the fact that *Ham* v. *South Carolina*, 409 U. S. 524, which established the constitutional significance of the defendant's claim, was not decided until after the defendant's trial and appeal to this court, and that the defendant can, therefore, raise this issue by writ of error (*LeBlanc* v. *Commonwealth, ante,* 171, 173–174), we have deemed it expedient to consider the merits of the issue.  We have also examined the claim to insure that there has been no substantial miscarriage of justice.  *Commonwealth* v. *Freeman,* 352 Mass. 556, 564.

In the *Ham* case, the Supreme Court of the United States decided that "the Fourteenth Amendment required the judge in this case to interrogate the jurors upon the

---

[1] The defendant requested that the veniremen be asked the following questions relating to their possible racial prejudice:

"10. Would the fact that the Defendant is black make it more difficult for you to render a verdict in his favor than if he were white?

"11. If it develops in this case that testimony of black witnesses contradicts the testimony of white witnesses, other things being equal, would you give the testimony of black witnesses and white witnesses equal credit?

"12. Do you have any feelings of prejudice against organizations which support civil rights for members of the black race, such as the National Association for the Advancement of Colored People (NAACP) or the Congress for Racial Equality (CORE) or the Black Panther Party?

"13. Have demonstrations and other activities by blacks in various parts of the United States over the past few years left you with a feeling of hostility towards blacks?

"14. Have you ever felt in your own mind that black leaders are 'going too far' in their struggle for equal rights?

"15. Have you had an experience involving a black person which left you with a feeling of prejudice concerning members of the black race?

"16. Would the fact that the Defendant is a member of a minority group make it more difficult for you to consider the facts objectively and render a verdict in his favor than if he were not a member of such group?

"17. Are there any members of this jury who possess any prejudices with respect to the nationality of the defendant which would prevent you from deciding this case solely on the evidence produced at the trial?

"18. Do you have any feelings either for or against persons of the Black race who wear the Afro style haircut?"

[2] The defendant did in fact make four assignments of error, none of which was argued.

subject of racial prejudice." 409 U. S. at 527. However, we have today decided in *Commonwealth* v. *Ross,* *ante,* 665, that the rule in the *Ham* case is to be limited to the special factual circumstances of each case. In the *Ham* case the black defendant was well known locally for his civil rights activities and the basis of his defence was that the police were "out to get him" because of his civil rights work. In the absence of circumstances which reasonably present the issue of racial prejudice, we hold that the Fourteenth Amendment does not require a trial judge to question jurors on the subject of their possible racial prejudice.[3]

In the instant case there are no special circumstances that bring the defendant within the rule of the *Ham* case. The victim, a white taxicab driver, drove two black men from Boston to Cambridge on September 2, 1968. After they had reached Cambridge, one of the men struck the driver over the head with a metal object and both men then took the driver's money, change carrier and wallet. The defendant was identified by the driver as one of the men whom he had driven to Cambridge. There is no suggestion that the defendant was well known for activities that might subject him to racial animosity or that the police were racially motivated in seeking the defendant's prosecution and conviction. The defendant did not testify or offer any other defence and the only police officer who testified happened to be black.

In these circumstances we believe that the statutory questions directed to the prospective jurors[4] were suffi-

---

[3] As we noted in the *Ross* case, *ante,* "The issue of racial prejudice may not be apparent at the outset of a case but may become evident during the trial. Therefore, when a defendant requests that the prospective jurors be questioned about their racial prejudice, the judge should make specific inquiries of counsel concerning the racial aspects of the case. . . . If it appears . . . that the case might reasonably be expected to present factors involving possible racial prejudice, then the judge should question the prospective jurors in this area."

[4] Pursuant to G. L. c. 234, § 28, the clerk addressed the prospective jurors as follows: "If any member of the panel is in any way related to or acquainted with the defendant or the alleged victim, has any interest in this case, has formed or expressed an opinion about the

cient to insure the "essential demands of fairness" required by the Fourteenth Amendment.

*Judgments affirmed.*



case, or is sensible of any bias or prejudice for or against the defendant or the alleged victim, you will make it known to the Court at this time." The clerk also asked the prospective jurors if they were related to a law enforcement official but this question is not challenged.